UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CARL CALLOWAY, JR., <br><br> Petitioner, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | No.  1:24-cv-00330-HBK (HC) <br><br> ORDER GRANTING PETITIONER LEAVE TO FILE MOTION TO AMEND TO NAME A PROPER RESPONDENT <br><br> THIRTY DAY DEADLINE |

On March 20, 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Petitioner names "the People of the State of California" as respondent in this action. (*See generally id*.). This is not a proper respondent; therefore, Petitioner will be granted leave to amend the respondent in order to avoid dismissal of the action.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief must name the officer having custody of him as

the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21 F.3d at 360. However, the chief officer in charge of penal institutions is also appropriate. *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency. *Id*.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326, 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976). The Court will afford Petitioner an opportunity to cure this defect by amending the petition to name the proper respondent, such as the warden of his facility. *See West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); *Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend Petition to Name Proper Respondent" in which Petitioner identifies the name of the proper respondent he seeks to substitute in this action.

Accordingly, it is **ORDERED**:

Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a motion to amend the instant petition and name a proper respondent. Failure to timely comply with this Order will result in a recommendation that the petition be dismissed without further notice.

Dated: April 9, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2