1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

TONY CARL CALLOWAY, JR.,

12

Petitioner,

13

v.

14

THE PEOPLE OF THE STATE OF
CALIFORNIA,

15

16

Respondent.

)  Case No.:  1:24-cv-0330 JLT HBK (HC)
)
)  ORDER ADOPTING THE FINDINGS AND
)  RECOMMENDATIONS, DISMISSING
)  PETITION FOR WRIT OF HABEAS CORPUS,
)  AND DIRECTING CLERK OF COURT TO
)  CLOSE CASE
)
)  (Docs. 1, 6)
)
)

17    Tony Carl Calloway, Jr., a state prisoner, is proceeding *pro se* with a petition for writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  However, after Petitioner filed his

19    petition and the Court issued an order granting him permission to proceed *in forma pauperis*, the

20    U.S. Postal Service returned the Court's mail as "Undeliverable, RTS, Inactive, Unable to

21    Forward" on April 2, 2024.  The Postal Service also returned the order granting Petitioner leave

22    to amend his petition on April 9, 2024.

23    The assigned magistrate judge found Petitioner failed to prosecute this action and failed to

24    comply with the Local Rules through his failure "to keep the Court appraised of his current

25    address."  (Doc. 6 at 1; *see also id.* at 2.)  The magistrate judge observed that "Petitioner was

26    notified of his obligation to keep the Court informed of his address and advised that the Court

27    would dismiss an action without prejudice if Petitioner did not update his address within sixty-

28    three (63) days."  (*Id.* at 2.)  In addition, the magistrate judge observed that "[p]recedent supports

a dismissal of a case when a litigant does not keep the court appraised on his address." (*Id.*, citing *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).) Therefore, the magistrate judge recommended the action be dismissed without prejudice. (*Id.* at 3.) The Court served the Findings and Recommendations upon Petitioner at the only address of record. The Postal Service also returned the Findings and Recommendations on June 26, 2024.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings that Petitioner failed to prosecute the action and failed to comply with the Local Rules are supported by the record and proper analysis. Importantly, however, the magistrate judge did not provide any analysis related to the propriety of terminating sanctions in this action. The Court must make additional findings regarding terminating sanctions for Petitioner's failure to prosecute and failure to comply with the Local Rules. *See, e.g., Malone v. U.S. Postal Service*, 833 F.2d 128, 131-132 (9th Cir. 1987) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." [citation omitted].)

To determine whether to impose terminating sanctions, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance where it is unable to communicate with Petitioner. *See*

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Thus, these factors weigh in favor of dismissal.

To determine whether the defendant suffer prejudice, the Court must examine whether Petitioner's actions impair the ability of the case to move forward or "threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a petitioner unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Therefore, this factor also weighs in favor of dismissal.

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.,* 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. The Ninth Circuit explained, an individual "can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone,* 833 F.2d at 133. As the magistrate judge noted, the Court warned Petitioner that the action would be dismissed without prejudice if he did not keep the Court informed of his mailing address. (Doc. 6 at 2, citing Doc. 2-2 at 5, ¶13.) Importantly, the Court need only issue one warning to satisfy the requirements considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, this factor weighs in favor of dismissal of the action. *See id.*; *Henderson*, 779 F.2d at 1424.

Given Petitioner's failure to prosecute the action and failure to comply with the Local Rules, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the factors identified by the Ninth Circuit weigh in favor of terminating sanctions.

Based upon the foregoing, the Court **ORDERS**:

1.      The Findings and Recommendations dated June 17, 2024 (Doc. 6) are **ADOPTED**.

2.      The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

3.      The Clerk of the Court is to **CLOSE** the case.

IT IS SO ORDERED.

Dated:   __**July 9, 2024**__

UNITED STATES DISTRICT JUDGE